IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| ZACHARY TOBBINS WILLIAMS, | ) | Civil Action No. 3:12-1422-JRM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN,[1] ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the undersigned[2] upon motion of Plaintiff for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff seeks an award of $5,407.00 in attorney's fees consisting of 30.9 hours at a rate of $175.00 per hour. Reimbursement of $350.00 for the filing fee in this action is also requested. Plaintiff asserts he is entitled to an award under the EAJA because he was the prevailing party and Defendant's position in the Social Security disability appeal was not substantially justified. ECF No. 30. The Commissioner contends that the Court should deny Plaintiff's motion because the Government's position in this case was substantially justified. Additionally, the Commissioner argues that if the Court awards EAJA fees, the award should be made payable to Plaintiff, not Plaintiff's attorney. ECF No. 32.

Defendant argues that Plaintiff's request for EAJA fees and expenses should be denied because the Commissioner's position in this case was substantially justified as it was reasonable in

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

[2] Pursuant to 28 U.S.C. § 636, Local Civil Rule 83.VII.02 DSC, and the consent of the parties, the case was referred to the undersigned Magistrate Judge for further proceedings and entry of judgment.



both law and fact. In particular, the Commissioner contends that the ALJ's failure to specify the weight he gave to the opinion of Plaintiff's treating physician (Dr. Ellison) was harmless error and had a reasonable basis in the law and facts. The Commissioner argues that its position concerning Plaintiff's credibility was reasonable in the law. Plaintiff argues that the Commissioner's position was not substantially justified because the case was remanded based upon legal errors committed by the ALJ.

Under the provisions of the EAJA, parties prevailing against the United States are entitled to an award of attorney's fees unless the Government can carry its burden of demonstrating that its litigation position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir.1991). "Substantial justification" is more than "merely undeserving of sanctions for frivolousness" and the Government's position must be "reasonable ... both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565–566 (1988). When determining whether Defendant's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 138–39 (4th Cir.1993).

This action was remanded to the Commissioner because the ALJ failed to properly evaluate the opinion of Plaintiff's treating physician and because the ALJ failed to properly evaluate Plaintiff's credibility (including failing to consider the side effects of Plaintiff's medications). The ALJ was directed to consider the other opinion evidence of record upon remand. The Court finds that Defendant cannot carry its burden of showing that its position was substantially justified. Plaintiff is, therefore, entitled to an award of attorney's fees under the EAJA.



Defendant has not challenged Plaintiff's asserted hours or rate of compensation. The Court has, however, reviewed Plaintiff's motion and supporting documentation and finds that the total fee requested, hours expended, and hourly rate are reasonable. See Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

**Based on the foregoing, the Court grants an attorney's fee award to Plaintiff under the EAJA in the amount of $5,407.00 plus $350.00 in filing fees. It is ordered that the Commissioner is directed to make the check payable to Plaintiff[3] and to deliver the check to Plaintiff's counsel.**

**IT IS SO ORDERED.**

Joseph R. McCrorey
United States Magistrate Judge

December 18, 2013
Columbia, South Carolina

---

[3] See Astrue v. Ratliff, 560 U.S. 586 (2010).

3